NEW JERSEY MISCELLANEOUS REPORTS. 915

N. J. Dept. Labor—Martin v. Public Service Electric, &c., Co.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MICHAEL MARTIN, PETITIONER, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A CORPORATION (IMPLEADED AS PUBLIC SERVICE GAS COMPANY), RESPONDENT.

Fracture of Foot Bone—Temporary Compensation Paid—Permanent Injury Claimed—Petitioner Returned to His Employment at Same Compensation Paid Before Accident—Evidence Showed That There was or Would be No Permanent Injury—Case Dismissed.

On determination and order for dismissal.

For the petitioner, Samuel Greenstone.

For the respondent, James O. Boyd.

*     *     *     *     *     *     *

From the evidence and stipulation it appears that the petitioner met with an accident arising out of and in the course of his employment with the respondent on July 11th, 1925.

His weekly wages were $29.70 a week.

As a result of the said accident the petitioner sustained an oblique fracture of the first metatarsus bone of the right foot.

The respondent paid the petitioner as temporary disability $162.71, which it was stipulated was all the temporary disability to which the petitioner was entitled.

The only question at issue in the case was whether or not any permanent disability resulted from the aforesaid injury.

The petitioner testified that he is still working for the same company, and that his work now is flagging automobiles to keep them from running into obstructions in and around the work that the company is doing; that his wages prior to the accident were $4.95 a day, and that his wages now are the same—$4.95 a day; that he does shoveling work and other

things, but that his foot pains him after he returns home in the evening. The petitioner put one doctor on the stand who testified that in his opinion there was a permanent disability of fifteen per cent. loss of function of the right foot. He also admitted that the petitioner has sustained a remarkable result, and that there was good apposition of the fragments of the fracture—that they were firmly united, and that from the X-ray no permanent disability could be determined. The respondent produced three doctors who testified that there was no permanent disability as a result of the accident; that the X-ray indicated that there had been a firm union of the fracture, and that the petitioner should be able to do his regular work. It is my opinion, based on the evidence and the stipulations, that the petitioner is not suffering any permanent disability as a result of his accident of July 11th, 1925, and inasmuch as the petitioner and respondent stipulated that the petitioner was paid all the temporary disability to which he was entitled, the petition therefore should be dismissed.

It is therefore, on this 25th day of July, 1927, ordered that judgment final be entered in favor of the respondent and against the petitioner, and that the prayer of the petitioner be denied, and the petition dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*